UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>JESSE A. BRUCE,<br><br>　　　　　　Defendant. | CR. 15-50153-JLV<br><br><br>ORDER |

## INTRODUCTION

On December 15, 2015, a grand jury returned an indictment charging the defendant Jesse Bruce with two offenses. (Docket 1). Count I charged the defendant with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B) and 846 and count II charged the defendant with the offense of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Id. On April 13, 2016, the defendant filed a motion to dismiss count II of the indictment pursuant to District of Columbia v. Heller, 554 U.S. 570 (2008). (Docket 29). The government resists defendant's motion. (Docket 38). For the reasons stated below, the defendant's motion is denied.

## ANALYSIS

Mr. Bruce claims count II of the indictment arises out of a warrantless search of his vehicle, during which two firearms were seized. (Docket 30 at p. 2). The defendant argues that assuming the government can prove possession

of the firearms by him, his vehicle "serves as his home" such that he has a Second Amendment right to possess the firearms under Heller. Id. at p. 2. Mr. Bruce acknowledges the United States Court of Appeals for the Eighth Circuit "rejected a Heller-based facial challenge[1] . . . by an unlawful drug user[]." Id. (referencing United States v. Seay, 620 F.3d 919, 924-25 (8th Cir. 2010)). He claims, however, to have an " 'as applied' challenge"[2] to § 922(g)(3). Id. (referencing United States v. Jacobson, 406 Fed. App'x. 91 at *1 (8th Cir. 2011) (defendant's "as applied" challenge to § 922(g)(3) was denied because the claim was not made in the district court).

Mr. Bruce's "as applied" challenge to the constitutionality of § 922(g)(3) is based on the premise that since his vehicle is his home, like all other homeowners he is constitutionally entitled under the Second Amendment to possess firearms for "self-defense."[3] (Docket 30 at p. 3). Mr. Bruce argues he "has a right to protect himself by keeping firearms in his vehicle." Id.

In Heller, the Supreme Court held unconstitutional a District of Columbia total ban on handgun possession in one's home. Heller, 554 U.S. at 635. "[W]e hold that the District's ban on handgun possession in the home violates the

---

[1]In a "facial challenge" to a statute, "the challenger must establish that no set of circumstances exists under which the [statute] would be valid." United States v. Salerno, 481 U.S. 739, 745, (1987).

[2]In an "as applied challenge" to a statute, the challenger "claim[s] that the [statute] is unconstitutional because of the way it [is] applied to the particular facts of [his] case." Salerno, 481 U.S. at 745 n.3.

[3]The court assumes, without deciding, that a car in which a person resides may be considered one's home.

2

Second Amendment . . . . [T]he enshrinement of constitutional rights necessarily takes certain policy choices off the table.  These include the absolute prohibition of handguns held and used for self-defense in the home." Id. at 635-36.  The Heller Court acknowledged that "the right secured by the Second Amendment is not unlimited. . . ." Id. at 626.  By way of a non-exhaustive list the Court declared that some regulation of the possession of firearms is permissible.

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Id. at 626-27.  The parameters of the Heller decision are highlighted by the Court's limiting directive to the District of Columbia authorities.  "*Assuming that Heller is not disqualified from the exercise of Second Amendment rights*, the District must permit him to register his handgun and must issue him a license to carry it in the home." Id. at 635 (emphasis added).

"Congress enacted the exclusions in § 922(g) to keep guns out of the hands of presumptively risky people." United States v. Yancey, 621 F.3d 681, 683 (7th Cir. 2010).  "The broad objective of § 922(g)—suppressing armed violence—is without doubt an important one . . . and the government contends that keeping guns away from habitual drug abusers is substantially related to that goal." Id. at 684.  "Keeping guns away from habitual drug abusers is analogous to disarming felons.  We have already concluded that barring felons from firearm

possession is constitutional." Id. "Moreover, habitual drug abusers, like the mentally ill, are more likely to have difficulty exercising self-control, making it dangerous for them to possess deadly firearms. In Heller and McDonald,[4] the Court endorsed the exclusion of the mentally ill from firearm possession as presumptively valid." Id. (referencing McDonald, 561 U.S. at 789 and Heller, 554 U.S. at 626-27). "[U]nlike those who have been convicted of a felony or committed to a mental institution and so face a lifetime ban, an unlawful drug user . . . could regain his right to possess a firearm simply by ending his drug abuse. In that sense, the restriction in § 922(g)(3) is far less onerous than those affecting felons and the mentally ill." Id. at 686-87. "[T]he gun ban extends only so long as [the defendant] abuses drugs. In that way, [the defendant] himself controls his right to possess a gun; the Second Amendment, however, does not require Congress to allow him to simultaneously choose both gun possession and drug abuse." Id. at 687. "Congress acted within constitutional bounds by prohibiting illegal drug users from firearm possession because it is substantially related to the important governmental interest in preventing violent crime." Id. See also United States v. Bena, 664 F.3d 1180, 1183 (8th Cir. 2011) ("this court observed that Congress sought to 'keep firearms out of the possession of drug abusers, a dangerous class of individuals,' and concluded that § 922(g)(3) was 'the type of "longstanding prohibition[ ] on the possession of

---

[4]McDonald v. City of Chicago, Ill., 561 U.S. 742 (2010).

4

firearms" that Heller declared presumptively lawful.' ") (citing Seay, 620 F.3d at 925.  Bena was both a "facial challenge" and an "as applied challenge" to § 922(g)(8).   The Bena court emphasized Heller was premised upon "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." Id. (emphasis removed) (citing Heller, 554 U.S. at 635).

Every court of appeals which has "addressed the constitutionality of § 922(g)(3) have upheld the statute . . . ."  United States v. Carter, 669 F.3d 411, 416 (4th Cir. 2012) (referencing United States v. Dugan, 657 F.3d 998 (9th Cir. 2011); Yancey, 621 F.3d 681; Seay, 620 F. 3d 919; United States v. Patterson, 431 F.3d 832 (5th Cir. 2005); United States v. Richard, 350 Fed. App'x. 252 (10th Cir. 2009)).

Mr. Bruce cites to no post-Heller court which, having analyzed an "as applied" challenge to any subsection of § 922, found the statute unconstitutional.   To the contrary, every court which conducted an "as applied" analysis found § 922 constitutional.  See United States v. Marzzarella, 595 F. Supp. 2d 596, 598 (W.D. Pa. 2009) (collecting cases), aff'd, 614 F.3d 85 (3d Cir. 2010); United States v. Pettengill, 682 F. Supp. 2d 49 (D. Me. 2010); United States v. Williams, 616 F.3d 685, 693 (7th Cir. 2010) (collecting cases); United States v. Ligon, No. 3:04-cr-00185-HDM, 2010 WL 4237970 (D. Nev. Oct. 20, 2010) (collecting cases denying "as-applied' challenges to § 922(g)(1)); United States v. Oppedisano, No. 09-CR-0305 (JS), 2010 WL 4961663 (E.D.N.Y. Nov. 30, 2010); United States v. Lunsford, No. 2:10-CR-00182, 2011 WL 145195

(S.D.W. Va. Jan. 18, 2011), aff'd, 470 F. App'x 184 (4th Cir. 2012); United States v. Daniels, No. 13-CR-00523-WHO, 2015 WL 1743746 (N.D. Cal. Apr. 16, 2015) (collecting cases).

The court finds § 922(g)(3) as applied to Mr. Bruce is a constitutionally valid restriction on his right to possess a firearm while a drug abuser.  While abusing illegal drugs Mr. Bruce is not a law-abiding citizen and is not entitled to possess a firearm "in defense of hearth and home."  Bena, 664 F.3d at 1183.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motion (Docket 29) is denied.

Dated June 28, 2016.

                    BY THE COURT:

                    /s/ *Jeffrey L. Viken*
                    JEFFREY L. VIKEN
                    CHIEF JUDGE