UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JESSE BRUCE, <br><br> Defendant. | 5:15-CR-50153-JLV <br><br> ORDER DENYING THIRD MOTION FOR RECONSIDERATION OF DETENTION |

**PROCEDURAL HISTORY**

Defendant Jesse Bruce was charged on December 15, 2015, in an Indictment with Conspiracy to Distribute a Controlled Substances in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) and Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Doc. 2). A Writ of Habeas Corpus ad Prosequendum was entered on December 17, 2015, as Mr. Bruce was serving a state court sentence and was being held in state custody at the South Dakota State Penitentiary in Sioux Falls, South Dakota. (Doc. 7 and Doc. 8).

On December 31, 2015, a detention hearing was held and the court entered an order of detention. (Doc. 15). On November 10, 2016, Mr. Bruce filed a motion for release from custody. (Doc. 58). The court entered a text order denying the motion on the grounds that the defendant failed to present a

1

change in circumstances which would merit re-opening the detention hearing. (Doc. 61). On December 14, 2016, Mr. Bruce filed a second motion for release from custody asserting his recent approval for release by the South Dakota Parole Board constituted a change in circumstance. (Doc. 62). The court held a detention hearing on December 21, 2016, and entered an oral order denying the motion for release. (Doc. 64).

Mr. Bruce filed a third motion to reconsider the detention order, again arguing that he should be released given his approval for release by the South Dakota Parole Board. (Doc. 72).

## DISCUSSION

**A.    Reopening the detention hearing.**

The court previously determined that Mr. Bruce is a danger to the community and a risk of flight. However, he seeks to reopen the detention hearing. 18 U.S.C. § 3142(f)(2)(B) provides that "[t]he hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." The court finds that Mr. Bruce offers no new information that didn't exist or wasn't known to him at the time of the December 21, 2016, hearing. Therefore, the court will not reopen the detention hearing. However,

for purposes of supplementing the oral record at the detention hearing, the court will set forth its legal and factual basis for detaining Mr. Bruce.

**B.    Risk of flight and danger the community**

The Bail Reform Act, 18 U.S.C. § 3142, governs the pretrial release of defendants in federal district court.  In determining whether to release or detain Mr. Bruce, the court is required to consider the following:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a controlled substance;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person including:
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  For the ordinary case, the Act specifies a presumption in favor of release.  18 U.S.C. § 3142(a), (b), (c), and (e).  The government may move for detention based on either risk of flight or danger to the community or others (or both grounds).  18 U.S.C. § 3142(f)(1).

3

In order to justify detention based on a defendant's risk of nonappearance, the defendant's risk of flight must be established by a preponderance of the evidence. United States v. Orta, 760 F.2d 887, 891 n.20 (8th Cir. 1985). In order to justify detention based on a defendant's dangerousness, the danger must be established by clear and convincing evidence. 18 U.S.C. § 3142(f).

However, in cases in which there is probable cause to believe that a defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the presumption is reversed and there is a presumption that the defendant should be detained pending trial. 18 U.S.C. § 3142(e)(3)(A). The presumption of detention found in § 3142(e) represents a Congressional finding "that certain offenders . . . as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).

The burden of rebutting the § 3142(e) presumption rests on the defendant. See 18 U.S.C. § 3142(e). The burden does not shift the burden of persuasion to the defendant, but only imposes on him a burden of production. Id. It requires the defendant to meet a burden of production "to offer some credible evidence contrary to the statutory presumption." United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985). See also Dominguez, 783 F.2d at 707. Even if the defendant satisfies the burden of production, the presumption

4

does not disappear; instead the court is required to consider the presumption along with all other evidence before the court in coming to a conclusion whether to release the defendant.  Dominguez, 783 F.2d at 707.  Once the defendant has met his burden of production, the court cannot rely solely on the presumption in detaining the defendant.  Id.   Where a rebuttable presumption of detention exists, "the defendant bears a limited burden of production–not a burden of persuasion–to rebut that presumption by coming forward with evidence [that] he does not pose a danger to the community or a risk of flight."  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) (quoting United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001)).

In other areas of the law, once a presumption has been rebutted, it disappears from consideration.  Not so with the rebuttable presumption of detention under subsection (e).  The Eighth Circuit has held that, "[o]nce a defendant has met his burden of production relating to [risk of flight and dangerousness], the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court."  Id.   The rebuttable presumption is a presumption as to *both* risk of flight and dangerousness.  See 18 U.S.C. § 3142(e).  Therefore, to rebut the presumption, the defendant must at least articulate facts that show that he is not a risk of flight *and* not dangerous.

Here, Mr. Bruce is indicted for Conspiracy to Distribute a Controlled Substance (methamphetamine) in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) and Possession of a Firearm by a Prohibited Person in violation of

5

18 U.S.C. §§ 922(g)(3) and 924(a)(2).  At least one of the charges involves a maximum penalty that exceeds 10 years.  Therefore, the rebuttable presumption, as discussed above, applies.

As to the weight of the evidence, the court has held an evidentiary hearing wherein credible testimony was presented regarding details of the government's case.  This court recommended that Mr. Bruce's motion to suppress be denied and the evidence obtained as a result of the traffic stop is admissible. (Doc. 67).  The district court adopted the report and recommendation. (Doc. 70).  Based on the factual findings from the evidentiary hearing, the court finds that this factor weighs in favor of detention.

As for the remaining factors the court is to consider, Mr. Bruce is 38 years old.  From the time Mr. Bruce was 17 until his most recent conviction (a span of approximately 20 years), Mr. Bruce has been convicted of numerous criminal offenses.  He was convicted of his first felony at the age of 18 and has been convicted of five additional felonies thereafter.  He has a history of non-compliance with terms of and conditions of bond and parole.

The court also finds that Mr. Bruce's substance abuse history poses a danger to the community.  Mr. Bruce was convicted twice of Driving Under the Influence.  In his more recent criminal history, Mr. Bruce was convicted twice for controlled substance crimes in 2015.  He was sentenced to five years of custody on both of the charges.  Mr. Bruce's substance abuse history presents a danger to the community if he were to be released.

Under the Bail Reform Act, the court is also to consider a person's record concerning appearances at court proceedings. Bench warrants were issued on 17 occasions for Mr. Bruce's failure to appear at court proceedings. Additionally, it should be noted that Mr. Bruce has been arrested for being a Fugitive From Justice in 1998 and Impersonation to Deceive Law Enforcement in 2015. These facts establish that Mr. Bruce takes affirmative actions to avoid his arrest, prosecution, and adjudication of his criminal actions. Mr. Bruce is a flight risk.

Based on Mr. Bruce's criminal history, his substance abuse history, and his history regarding failures to appear, the court finds that Mr. Bruce is a flight risk and a danger to the community and the rebuttable presumption has not been overcome. Accordingly, it is hereby

ORDERED that the Motion for Reconsideration (Doc. 72) is denied.

DATED this 6th of March, 2018.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge